# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DARREN E. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-cv-00769-DGK-SSA |
| ) | |
| ANDREW M. SAUL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Plaintiff Darren E. Smith petitions for review of an adverse decision by Defendant Andrew M. Saul, the Acting Commissioner of Social Security. Plaintiff applied for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. The Administrative Law Judge ("ALJ") found that although Plaintiff had several severe impairments, he retained the residual functional capacity ("RFC") to perform a limited range of sedentary work. After carefully reviewing the parties' arguments and the administrative record, the Court finds that the ALJ committed no clear error and that substantial evidence supports his opinion. The Commissioner's decision is therefore AFFIRMED.

**Procedural Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary. Plaintiff filed her application for disability benefits on December 23, 2015, alleging a disability onset date of September 15 of that year. The Commissioner denied the application at the initial-claim level, and Plaintiff appealed the denial to an ALJ. The ALJ issued an unfavorable decision, and the Appeals Council denied Plaintiff's request for review, leaving the

ALJ's ruling as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies, so judicial review is now appropriate. *See* 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance but enough that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, a court considers evidence that supports and detracts from the Commissioner's decision. *Id.* A court must "defer heavily" to the Commissioner's findings and conclusions, *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015), and may reverse the Commissioner's decision only if it falls outside of the available zone of choice. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision is not outside this zone simply because the evidence also points to an alternate outcome. *Id.*

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff challenges the ALJ's determination at step four, where he found that Plaintiff retained the RFC to perform a limited

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 416.920(a)–(g). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

range of sedentary work.[2]  Plaintiff argues the ALJ erred by deciding his RFC without (1) medical evidence expressly addressing his physical limitations, (2) a discussion of his obesity, and (3) an analysis of his depression.

    I.    **Substantial evidence supports the ALJ's RFC determination.**

A claimant's RFC is the most he can do despite his physical and mental limitations. 20 C.F.R. § 404.1545(a). An ALJ decides a claimant's RFC based on all relevant evidence, *id.*, including medical records, physicians' opinions, and the claimant's description of his limitations. *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001). Because a claimant's RFC is a medical question, it must be supported by "some medical evidence of [his] ability to function in a workplace." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). However, it is ultimately an administrative decision reserved to the Commissioner, 20 C.F.R. § 416.946, who need not base it on a specific medical opinion or, for that matter, any medical opinion. *Hensley*, 826 F.3d at 932 (citations omitted); *Stringer v. Berryhill*, 700 Fed. Appx. 566, 567 (8th Cir. 2017) (finding that substantial evidence supported the ALJ's RFC assessment even without any corroborating medical opinion).

Sufficient medical evidence supports the ALJ's RFC determination that Plaintiff could perform a limited range of sedentary work. Treatment records show that while Plaintiff suffered from severe orthopedic impairments, including avascular necrosis and degenerative joint disease,

---

[2] Specifically, the ALJ found that Plaintiff had the RFC to

> lift/carry up to five pounds frequently and ten pounds occasionally. In an eight-hour workday with normal breaks, he can sit up to six hours and stand and/or walk up to two hours, but he requires a cane to ambulate. When seated, he requires the ability to change positions briefly, one minute or less, every thirty minutes, but he does not need to leave the workstation during those brief changes. He cannot climb ladders, ropes, or scaffolds, work at unprotected heights or around dangerous machinery. He can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl, and he can frequently handle and finger with the right dominant hand.

R. at 14.

3

he responded well to surgery. For example, in September 2015 Plaintiff underwent left-hip core decompression due to pain in his left hip. R. at 389, 406-08. The procedure significantly improved his condition and largely controlled his pain. R. at 422. A December examination reported that his motor strength was 5/5 throughout his lower extremities and that the range of motion of his hip and ankle was without discomfort. R. at 451-52. Surgery also addressed Plaintiff's pain in his left knee. R. at 453-54, 490. Plaintiff later injured his left hip and right knee while shoveling snow, but knee arthroscopy and a hip replacement proved effective. R. at 490-91, 496-97, 499, 527, 608. His physician reported that his knee had a full range of motion and that he had no mechanical signs, ligamentous laxity, or joint-line pain. R. at 608. Plaintiff also experienced wrist pain while driving, which was conservatively treated with gel and a brace. R. at 597-99, 680. He reported increasing pain in his right hip, R. at 91, 130, but, following right-hip core decompression, was reportedly "doing well," not taking pain medications, and ambulating with a cane. R. at 81, 84.

  The ALJ also noted that although Plaintiff testified that he does little more than lie down most of the day, no doctor had advised him to do so. R. at 17, 311. Granted, when told about Plaintiff's intent to pursue disability, one doctor stated that "he may be disabled from a labor-type field." R. at 497. But the ALJ excluded exertional work from Plaintiff's RFC assessment, and, as the ALJ correctly observed, the inability to perform labor-intensive work does not qualify one as disabled under the Social Security Act. R. at 14, 16. Rather, a claimant must be unable to perform *any* other work. 20 C.F.R. § 404.1520(g). A different doctor later opined that Plaintiff lacked the capacity to work due to the pain in his left hip. R. at 116-17. This conclusion predated Plaintiff's hip replacement, however, which controlled his left-hip pain and allowed him, for a time, at least, to mobilize without a cane. R. at 91.

Moreover, Plaintiff continued to regularly drink and smoke, despite physicians' repeated warnings that such behavior exacerbates the symptoms of avascular necrosis. *See, e.g.*, R. at 564, 602, 612, 620, 629, and 648. The ALJ properly factored this into his analysis, since "[failing] to follow a prescribed course of remedial treatment without good reason is grounds for denying an application an application for benefits." *Kisling v. Chater*, 105 F.3d 1255, 125 (8th Cir. 1997); *see also Mouser v. Astrue*, 545 F.3d 634, 638 (8th Cir. 2008) (finding that the ALJ appropriately considered the claimant's failure to stop smoking where it directly impacted the severity of his impairments). Thus, considering the record as a whole, the Court finds the ALJ's RFC determination supported by substantial evidence, including Plaintiff's extensive medical records. *See Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir. 2000) ("To the extent [claimant] is arguing that residual functional capacity may be proved *only* by medical evidence, we disagree.").

## II. The ALJ sufficiently considered Plaintiff's obesity.

Social Security Ruling 02-1p[3] requires an ALJ to consider a claimant's obesity in determining his RFC. SSR 02-1p (S.S.A.), 2000 WL 628049; 20 C.F.R. § 402.35(b)(2) (providing that such rulings bind all components of the agency). So long as an ALJ specifically takes a claimant's obesity into account in the claim-evaluation process, he has complied with this requirement. *Heino v. Astrue*, 578 F.3d 873, 881-82 (8th Cir. 2009) (citing *Brown ex rel. William v. Barnhart*, 388 F.3d 1150, 1153 (8th Cir. 2004)). Here, the ALJ discussed Plaintiff's weight at the hearing and identified obesity as one of Plaintiff's severe impairments. R. at 12, 136. He also described Plaintiff's obesity in finding that it did not equal a listed impairment. R. at 13.

Plaintiff contends that the ALJ should have specifically described the effect of Plaintiff's obesity on his work limitations. But an ALJ need not break down its analysis of a claimant's RFC

---

[3] Although the Commissioner rescinded SSR 02-1p, the Court applies the rule in effect at the time the agency issued its decision. SSR 19-2P (S.S.A.), 2019 WL 2374244.

on a condition-by-condition basis. *Dean v. Astrue*, No. 4:11-cv-00001-ODS, 2011 WL 3837963, at *5 (W.D. Mo. Aug 29, 2011) (explaining that an ALJ assesses a claimant's RFC "based on all of the limitations found to exist regardless of the medical cause for those limitations"); *Mink v. Berryhill*, No. 5:17-cv-06088-DGK, 2018 WL 3474087, at *2 (W.D. Mo. July 19, 2018) (citations omitted). The ALJ found that Plaintiff had the RFC to perform only sedentary work, and that he could only occasionally climb stairs, stoop, kneel, and crouch. R. at 14. Such limitations are consistent with Plaintiff's obesity. *See* SSR 02-1p (stating that obesity may affect a claimant's ability to stand, climb, balance, stoop, and crouch). Plaintiff, furthermore, does not point to record evidence supporting greater limitations that those the ALJ identified.

### III. The ALJ was not required to consider Plaintiff's depression.

Although an ALJ must base his RFC determination on all relevant evidence, he is not obliged to "investigate a claim not presented at the time of the application for benefits and not offered at the hearing as a basis for disability." *Gregg v. Barnhart*, 354 F.3d 710, 713 (8th Cir. 2003) (quoting *Pena v. Chater*, 76 F.3d 906, 909 (8th Cir. 1996)). Plaintiff contends that the ALJ failed to consider his depression, but he did not list depression or any other mental impairment on his disability application or supplemental questionnaire. R. at 239, 242, 289. Nor did he raise the issue at his hearing. R. at 143, 147. Plaintiff's argument is therefore without merit.

### IV. The ALJ properly found that Plaintiff could perform other work.

Because the ALJ did not err in formulating Plaintiff's RFC, the hypothetical questions posed to the vocational expert were not flawed. Consequently, the vocational expert's answers serve as substantial evidence that Plaintiff could perform jobs that exist in significant numbers in the national economy. *See Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (quoting *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006)).

## Conclusion

Substantial evidence supports the ALJ's determination that Plaintiff was not disabled. Accordingly, the Commissioner's decision denying benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date: <u>August 6, 2019</u>                <u>/s/ Greg Kays</u>
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT